deciding, it to be competent to give the conversation, was not responsive. He may have been willing to give her much more than a reasonable amount. But beyond this the testimony was clearly incompetent under the provisions of section 829 of the Code of Civil Procedure. The respondent practically admits this, except that it is urged that the defendant, by cross-examining the plaintiff, opened the door to this testimony, much of the same class of testimony appearing in the case, and evidently received upon the same theory. It is true, of course, that the objection is technically to the competency of the witness, but in the case now before us the witness was not offered for the purpose of testifying to the conversation. She was there as a witness in her own behalf. She had testified on direct examination, and was under cross-examination. Defendant's counsel was not her sponsor. He had a right to have his questions answered properly, and he had not invited her to tell of any conversations with the deceased. When she intruded an answer which under the law she had no right to make, the defendant had no other remedy than to move to strike it out, and it was error on the part of the court to deny this motion, unless the defendant had opened the door to this line of testimony. This he had not done, for he had not examined the executor in his own behalf concerning this same transaction or communication, and it is only in such cases that the statute makes any exception. Section 829, Code Civ. Proc., Motz v. Motz, 85 App. Div. 4, 6–7, 82 N. Y. Supp. 926, and authority there cited. Even if the defendant had called the executor and the plaintiff had called out the matter on cross-examination, it would not open the door, and it certainly cannot when the plaintiff, called in her own behalf, intrudes matter on cross-examination which she was not invited to give by any fair construction of the question.

The judgment appealed from should be reversed, and a new trial granted, costs to abide the event. All concur.

---

### STERN v. BROOKLYN HEIGHTS R. CO. et al.

(Supreme Court, Appellate Division, Second Department. October 7, 1910.)

1. STREET RAILROADS (§§ 85, 90*)—OPERATION OF CARS—RIGHT OF WAY.

  The right of a street car, while operated in a block, and not at street intersections, is paramount, and the motorman may expect that a driver on the street in the block will not drive in front of an approaching car, though he is headed in that direction; and the mere fact that his team is so headed does not call for the sounding of gongs and the giving of warnings, until it is apparent that the driver is intent on going on the track, or that he is obstructing the paramount rights of a car, since the motorman need only exercise reasonable care.

  [Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 190–195; Dec. Dig. §§ 85, 90.*]

2. STREET RAILROADS (§ 102*)—COLLISIONS—NEGLIGENCE—PROXIMATE CAUSE.

  A wagon of plaintiff was drawn up near the curb. The wagon of a third person was similarly drawn up, and the driver thereof drove on the street car track in front of an approaching car, and was struck by it, so that his wagon was forced against the wagon of plaintiff, damaging it. There was nothing to apprise the motorman of any danger

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

until the car was within 15 feet of the point of collision, and the car was not operated at a reckless speed. There was no evidence that the car could have stopped in time to have avoided the accident, though the danger of collision was apparent when the car was 50 feet away. No gong was sounded. *Held*, that the proximate cause of the accident was the act of the third person making him alone·liable for the damages sustained by plaintiff.

[Ed. Note.—For other cases, see Street Railroads, Dec. Dig. § 102.*]

Hirschberg, P. J., and Rich, J., dissenting.

Appeal from Municipal Court, Borough of Brooklyn, Fourth District.

Action by George Stern against the Brooklyn Heights Railroad Company and another. From a judgment for plaintiff, against the defendant named, it appeals. Reversed, and new trial granted.

Argued before HIRSCHBERG, P. J., and WOODWARD, RICH, JENKS, and CARR, JJ.

James W. Carpenter, for appellant.
Julius S. Belfer, for respondent.
George Goldberg, for defendant Schenker.

WOODWARD, J. The plaintiff has recovered a judgment in the Municipal Court for $64.25 damages and $12 costs, in an action for injuries to his wagon and contents in a collision between a wagon owned by the codefendant Schenker and a car of the defendant the Brooklyn Heights Railroad Company. The plaintiff is a furniture dealer, and on the occasion of the accident his horse and wagon, with a consignment of furniture, was drawn up near the curb in front of his store on Myrtle avenue, Brooklyn. Just in the rear of the plaintiff's wagon a horse and wagon owned by the codefendant Schenker was drawn up near the curb, and the driver crossed the street to deliver a package. Returning, the driver of Schenker's wagon got on the vehicle and started to drive around the plaintiff's wagon. He had just reached a point where the front wheels of his wagon were passing over the near rail of the defendant's street surface railroad, when his rig was struck by a wrecking car of the defendant, and his wagon was forced against the wagon of the plaintiff, and the latter was pushed some seven or eight feet against an awning pole, resulting in damages to the wagon and contents.

The plaintiff's evidence is to the effect that at some time just previous to the accident, and while the driver of Schenker's wagon was delivering the package across the street, the defendant's wrecking car was seen approaching about 200 feet away; that Schenker's driver returned, got on his wagon, and turned toward the track to drive out; that at this time the defendant's wrecking car was about 50 feet away, and that it was running "pretty fast," and was not sounding any gong or giving other warning. It does not appear that at the time the car was 50 feet away there was any reason for supposing that the Schenker wagon was going upon the defendant's track, or that there was any particular reason why the gong should be sounded. The point of the accident was not at a street intersection, but was in the middle

of a block, where the right of the defendant was paramount, and it had a right to expect that the defendant Schenker would not recklessly drive in upon the track ahead of its car in broad daylight. Indeed, it does not clearly appear that there was anything to apprise the defendant railroad company of any danger in the premises until the wrecking car was within about 15 feet of the point of the collision, at which time the defendant Schenker's horses turned in upon the track, and the fact that the car was stopped within about 8 feet after the collision goes to show that there was no reckless degree of speed on the part of the defendant's car.

But, assuming that the danger was apparent at 50 feet, there is no evidence that the car could have been stopped in time to have averted the accident, and the defendant was not bound to do things which it could not do; nor was it material that no gong was sounded, so far as the plaintiff is concerned, for it appears by the evidence that both the plaintiff and his driver saw the approaching car, one of them when it was 200 feet away and the other when it was only 50 feet away, and they had ample time to warn the defendant Schenker's driver of the danger, if they had any reason to anticipate that there was danger, yet it does not appear that any of them made any sound, for the very obvious reason that they had no more reason for supposing that the defendant Schenker's driver would drive in front of the approaching car and cause a collision than the defendant railroad company had. Any one familiar with the drivers of commercial and other vehicles in a great city knows that they are, by necessity, compelled to drive very close to cars which are being operated on the surface of the streets, and the mere fact that a team is headed in a general way in the direction of the railroad track does not call for the sounding of gongs and the giving of warnings. It is only when it is apparent that the driver is intent on going on the track, or that he is obstructing the paramount rights of the railroad, that the warning is demanded; that is, the driver of a car is bound only to the exercise of reasonable care, and reasonable care does not demand that the motorman shall anticipate that every driver is careless, and that he will, in disregard of his own duty to exercise reasonable care, drive in front of an approaching car, even though he should be headed in that direction. A team driven at a slow pace, and accustomed to work in a city, can be stopped in a very short space, and to say that a motorman is bound to sound his gong every time a team approaches the right of way would be to hold street railroad companies to a higher degree of care than is required of other vehicles, and this is not the law.

As we read the evidence in this case, the proximate cause of the plaintiff's injuries was the act of the defendant Schenker's driver in going upon the track in front of the approaching car at a time when the car could not be stopped in time to avert the accident; and while it is true that we cannot, on this appeal, restore the rights of the plaintiff, we have no power to unjustly impose the burden upon the appealing defendant, who is not shown to have been negligent in respect to any duty which it owed to the plaintiff. If the defendant Schenker's driver had exercised that reasonable degree of care which the circumstances demanded, the accident would not have occurred. There was

no concurrent negligence proven on the part of the defendant, and the plaintiff having failed to appeal from the judgment dismissing the complaint as against the defendant Schenker is no reason why we should now sanction an unjust judgment against the defendant, who is now appealing to this court.

The judgment, in so far as it holds the defendant railroad company liable for damages, should be reversed, and a new trial granted; costs to abide the event.

JENKS and CARR, JJ., concur. HIRSCHBERG, P. J., and RICH, J., dissent.

---

CHANDLER et al. v. RUTLAND R. CO.

(Supreme Court, Appellate Division, Third Department. September 14, 1910.)

1. PARTIES (§ 88*)—IMPROPER JOINDER OF PARTIES PLAINTIFF—OBJECTIONS—WAIVER.

The objection of improper joinder of parties plaintiff, in an action by an owner of property destroyed by fire and the insurers thereof against the owner negligently setting the fire, is waived by not demurring to the complaint showing on its face the joinder.

[Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 145–147; Dec. Dig. § 88.*]

2. RAILROADS (§ 484*)—FIRES—EVIDENCE—QUESTION FOR JURY.

In an action against a railroad for fire set by sparks from an engine, evidence held to authorize the submission to the jury of the issue of the railroad's negligence in operating an engine with a spark arrester out of repair.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1740–1744; Dec. Dig. § 484.*]

3. RAILROADS (§ 481*)—FIRES—EVIDENCE—ADMISSIBILITY.

[Ed. Note.—For other cases, see Railroads, Dec. Dig. § 481.*]

Appeal from Trial Term, St. Lawrence County.